*ANDREW SYME, Adm'r, and others, v. THOMAS BADGER and others.

### *Appeal—Judgment.*

1. An objection to an undertaking on appeal, based upon the fact that it is not signed by any surety but only by the parties to the record, cannot be sustained where it appears from the record that the judgment appealed from does not affect the party, whose signature gives the security required.

2. Although the word "defendants" is used in the transcript to designate those who take the appeal, yet the record shows that the judgment here is against only one defendant, and in his representative character, and he alone, in law, is the complaining appellant.

CIVIL ACTION tried, upon exceptions to a referee's report, at March Special Term, 1884, of WAKE Superior Court, before *Avery J.*

The suit was brought for an account and settlement of an estate as set out in the opinion of this court. The plaintiffs are Andrew Syme (administrator *de bonis non, cum testamento annexo* of George E. Badger), M. McGehee and wife and Catharine Haigh. The defendants are Thomas Badger (administrator of the deceased executrix of George E. Badger), Paul F. Faison and wife and others—the *femes* plaintiff and defendant being (with defendant Thomas and his brothers) the heirs of said George E. Badger.

The cause coming on to be heard, the court gave judgment in favor of plaintiffs, as set out in the opinion here, " from which judgment the defendants appealed to the supreme court." Notice of appeal was accepted, and the bond fixed at fifty dollars, and the same was executed on the first

---

*Mr. Justice MERRIMON having been of counsel did not sit on the hearing of this case.

day of April, 1884, by the defendants, Thomas Badger and Paul F. Faison—the latter stating upon oath that he was worth double the sum specified in the undertaking—pursuant to the form for justification of sureties to appeals.

Upon call of the case in this court, the plaintiffs moved to dismiss the appeal upon the ground " that the undertaking on appeal is not signed by any surety, but only by the parties to the record."

*Messrs. J. W. Hinsdale, Battle & Mordecai and John Devereux, Jr., for plaintffs.*

*Messrs. Gatling & Whitaker, for defendants.*

Smith, C. J.  The plaintiffs move to dismiss the appeal for non-compliance with the statutory requirement, in that, the accompanying undertaking is without good and sufficient surety, being executed by two of the numerous defendants who are all alleged to be appellants.

While the plural form of the word is found in the transcript in the designation of those who take the appeal and in the appeal-undertaking also, it becomes necessary to look into the record to see from what judgment the appeal comes and the relations of the defendants to it.

The action has for its object to bring to an account and settlement the defendant Thomas Badger, as administrator of Delia Badger, who, as executrix of her deceased husband George E. Badger, took possession of his estate and died without completing her administration, and to recover the assets which were or ought to have been in her hands unadministered at the time of her death.  The other defendants were not necessary parties to this action, and the controversy was in respect to the right of the executrix to retain and appropriate the trust funds, which came into her hands, to her own use under the provisions of the testator's will.  If this right was not possessed, any excess with which

18

she was chargeable was claimed by the legatees who are associated as plaintiffs with the administrator *de bonis non* of the testator.

After a reference, report, exceptions, and rulings upon them, judgment was entered up in the following form:

"It is adjudged that the plaintiffs, M. McGehee and wife and Catharine M. Haigh, recover of the plaintiff Syme the sum of $571.91, the amount appearing from said supplemental report to be in his hands, less his charges, commissions, and counsel fees; and that they recover of the defendant Thomas Badger, administrator of Delia Badger, $5,540.97." The residue of the judgment fixes the allowance to the referee and apportions it equally between the plaintiffs and the defendants.

Whatever may be the form of words used in the record, in substance it is manifest that the judgment, intended to be reviewed in this court, is against the defendant Thomas Badger, in his representative capacity and against no one else. It ascertains and determines the value of the unadministered personal estate of the testator in the hands of his (Thomas Badger's) intestate, the deceased executrix. No other defendant has any legal interest with him in lessening the sum so found, and no one else can complain that it is excessive but himself. So no one but this defendant has a right of appeal from the adverse judgment. If he is content, it must stand; if he is dissatisfied, he may have it reviewed, and, if erroneous, corrected in this court. Necessarily then he alone is in law the complaining appellant, and the affirmation of the judgment would not enlarge its scope so as to take in co-defendants. How can persons unaffected by the judgment have any recognized status in asking to have it reversed? The record then requires a legal interpretation that confines the appeal to the defendant Thomas Badger; and the signature of the defendant Faison, gives the security which otherwise the ap-

pellees would not have. There is no relief demanded, nor any judgment rendered against him, and the action is terminated. He stands in the same relation towards the appeal as would an entire stranger to the record. Upon principle, the objection to the undertaking has no force, nor does it find support in the words of the statute, THE CODE, § 552. It enacts that "a written undertaking must be executed on the part of the *appellant* with good and sufficient surety," that is, the appellant must furnish security to his personal obligation, and that he does in obtaining the execution of one who is not, and cannot, for the reasons stated, be in contemplation of law an appellant.

The undertaking was duly given in four days after rendition of judgment, while the preparation of the case seems to have been prolonged until summer. The motion must be denied.

Motion to dismiss denied.